more than two furlongs is that it collided with a loose horse and died.

Further, we reject the contention of petitioner that he is the subject of selective enforcement of the regulations. Petitioner presented no evidence that the regulations were not applied to others similarly situated or that he was the subject of intentional discrimination (*see, Matter of Di Maggio v Brown,* 19 NY2d 283, 290-291; *Matter of Vaccarezza v New York State Racing & Wagering Bd.,* 192 AD2d 358, 358-359).

The further contentions of petitioner in his brief that he was denied due process and that the Hearing Officer was biased were not raised in the petition and thus are not properly before us (*see, Matter of Eckerson v New York State & Local Retirement Sys.,* 270 AD2d 705, *lv denied* 95 NY2d 756; *Matter of Kemp v Erie County Dept. of Social Servs.,* 266 AD2d 905, 906). In any event, those contentions are without merit. Petitioner was not deprived of due process. He "was apprised of the claims against him in a manner that afforded him a full and fair opportunity to prepare and present a defense" (*Matter of Rivera v New York State Racing & Wagering Bd.,* 201 AD2d 922) and a hearing was held "[p]rior to * * * suspension of [his] license" (Racing, Pari-Mutuel Wagering and Breeding Law § 213 [3]; *see,* 9 NYCRR 4022.23). Petitioner failed to establish any actual bias on the part of the Hearing Officer or that the outcome of the proceeding flowed from any alleged bias (*see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Ontario County, Harvey, J.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ JOHN M. REGAN, on Behalf of Himself and all Other Vestees Within the New York State Health Insurance Plan Similarly Situated, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents, et al., Defendant. (Appeal No. 1.) [725 NYS2d 917] —Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Corning, J.). We add only that plaintiff failed to demonstrate that further discovery would disclose evidence that would affect the parties' rights and duties under the group health insurance contract (*see, Dano v Royal Globe Ins. Co.,* 89 AD2d 817, 818, *affd* 59 NY2d 827; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Monroe County, Corning, J.—Discovery.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ JOHN M. REGAN, on Behalf of Himself and all Other Vestees Within the New York State Health Insurance Plan

Similarly Situated, Appellant, v NEW YORK STATE DEPART-
MENT OF CIVIL SERVICE et al., Respondents, et al., Defendant.
(Appeal No. 2.) [725 NYS2d 917] —Order unanimously affirmed
without costs for reasons stated in decision at Supreme Court,
Corning, J. (Appeal from Order of Supreme Court, Monroe
County, Corning, J.—Summary Judgment.) Present—Green,
J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BART ALEXANDER, Appellant. [726 NYS2d 328] —Judgment
unanimously affirmed. Memorandum: Supreme Court did not
err in denying the motion of defendant to withdraw his plea of
guilty to one count of criminal contempt in the first degree
(Penal Law § 215.51 [b] [v]). The contention of defendant that
he was incompetent when he entered his plea is belied by the
record. Defendant indicated during the plea colloquy that he
understood both the nature of the proceedings and that he was
waiving various rights, that he was satisfied with the services
of his attorney, and that he wished to enter an *Alford* plea in
order to avoid the possibility of being convicted of a more seri-
ous charge (*see, People v Millis,* 266 AD2d 581, 581-582, *lv
denied* 94 NY2d 826). The fact that the court did not ask defen-
dant whether he was taking medication at the time of the plea
does not necessarily invalidate the plea in light of the asser-
tions of defendant that he understood the nature of the
proceedings and the ramifications of the plea (*see, People v Mil-
lis, supra,* at 581-582).

We reject defendant's further contention that the court
should have conducted further inquiry when defendant as-
serted at sentencing that, based on a medical condition, he
could not have kicked the victim as she alleged. An *Alford* plea
does not require a factual recitation (*see, People v Crandall,*
272 AD2d 717), and defendant's responses during the plea col-
loquy establish that the decision of defendant to enter an
*Alford* plea was a voluntary and intelligent choice among
alternative courses of action available to him (*see, People v
Ruger,* 279 AD2d 795, 796-797; *People v Walton,* 248 AD2d
803, *lv denied* 92 NY2d 908). (Appeal from Judgment of
Supreme Court, Erie County, Tills, J.—Criminal Contempt, 1st
Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and
Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LAWRENCE W. WORSLEY, Appellant. [726 NYS2d 327] —Judgment
unanimously affirmed (*see, People v Allen,* 82 NY2d 761, 763).
(Appeal from Judgment of Orleans County Court, Punch, J.—
Attempted Burglary, 2nd Degree.) Present—Pigott, Jr., P. J.,
Green, Hayes, Kehoe and Burns, JJ.